UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

MARYANN S.[1],            )
                          )
   Plaintiff,             )
                          )
v.                        )      CIVIL NO. 2:22cv279
                          )
KILOLO KIJAKAZI, Acting   )
Commissioner of Social Security, )
                          )
   Defendant.             )

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Benefits under the Social Security Act.  Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since August 21, 2020, the alleged onset date (20 CFR 404.1571 *et seq*.). The claimant has the

      following severe impairments: degenerative disc disease, cervical and lumbar spine; diabetes; foot drop, left foot; neuropathy, bilateral wrists; and status-post lumbar spine fusion (20 CFR 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can frequently handle and finger. She can never operate foot controls with the left foot. She can occasionally climb ramps and stairs, as well as occasionally stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolds, never work at unprotected heights, never operate dangerous machinery with moving mechanical parts, and never balance, as the term is defined in the Selected Characteristics of Occupations. She must avoid concentrated exposure to wetness, and wet, slippery walking surfaces, and dangerous or uneven terrain. She must use a medically necessary cane at all times while walking. She must be allowed to shift positions or alternate between sitting and standing at will while remaining on task.

5. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

6. The claimant was born on August 5, 1977 and was 43 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

7. The claimant has at least a high school education (20 CFR 404.1564).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

10. The claimant has not been under a disability, as defined in the Social Security Act, from August 21, 2020, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 12-19).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on April 10, 2023. On July 12, 2023 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on August 30, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff first argues that the ALJ improperly evaluated the medical opinions. The record contains a lumbar spine medical source form from pain management specialist Dr. Anita Rao dated September 10, 2021. (Tr.754-57). The physician detailed

4

treatment since November 2020 for chronic lumbar radiculopathy, persistent gait impairment, left foot drop and intrathecal neoplasm. (Tr. 754). Among other limitations, Dr. Rao opined that Plaintiff could sit for less than two hours and stand/walk less than two hours in an eight-hour workday. (Tr. 755). Moreover, she opined that Plaintiff would be unable to lift more than ten pounds and would miss work more than four days per month due to the severity of her conditions. (Tr. 756-77). The supportive clinical findings included less than twenty degrees spinal flexion, abnormal gait pattern, sensory loss, positive straight leg raise and impaired sleep. (Tr. 755). Plaintiff argues that the ALJ incorrectly stated that Dr. Rao's opinion was only supported with "diagnoses, generalized statements, and subjective claims." (Tr. 17). A review of the evidence shows that the opinion form specifically identifies clinical findings of persistent left foot drop, gait impairment, and dizziness. (Tr. 754). Additionally, Dr. Rao identified objective signs such as reduced range of motion (less than 20 degrees flexion), abnormal gait, muscle weakness, sensory loss and positive straight leg raise (left), providing further support for her opinion. (Tr. 755). Thus, the ALJ made a mistake of fact with respect to Dr. Rao's opinion, and remand is required. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996) (mistakes of fact compel remand).

Next, Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence. In finding Plaintiff capable of sedentary work, the ALJ found the reconsideration-level State Agency physician opinion persuasive. (Tr. 17). However, the ALJ departed from this opinion on the basis of manipulative limitations. *Id*. The ALJ held, without explanation, that Plaintiff was capable of frequent handling and fingering based on Plaintiff's wrist neuropathy. (Tr. 14, 17). The decision is devoid of any expert opinion basis for why Plaintiff would be restricted to frequent instead of occasional use of the hands based on the medical evidence in the record.

5

Subsequent to the reconsideration State Agency review, Plaintiff underwent an EMG study that found very severe right and mild left median neuropathies at her wrists. Furthermore, the most severe level of neuropathy was in her dominant, right hand. (Tr. 48). The record contains evidence of upper extremity pain and numbness complaints prior to the study. For instance, the October 2020 MRI of the cervical spine was ordered due to pain and numbness in the arms. (Tr. 447). Plaintiff complained of dropping things in a February 2021 primary care visit. (Tr. 709). Also, the July 20, 2021 rheumatology consultation with Dr. Aloman indicated trigger points in the upper extremities. (Tr. 626). In fact, the basis for the consult was due to complaints of morning hand stiffness, inability to perform work with her hands, sharp hand pain and swelling. (Tr. 620).

Plaintiff correctly argues that, because of the severity of the EMG results that were not reviewed by the State Agency and the critical nature of the ability to handle and finger in sedentary work, the ALJ was obligated to submit these new findings for medical expert review rather than interpret the results himself. *Green v. Apfel*, 204 F.3d 780, 782 (7th Cir. 2000); *Akin v. Berryhill*, 887 F.3d 314, 316-17 (7th Cir. 2018) (two state agency doctors did not review MRI report and Court remanded because ALJ was unqualified to interpret the results into a functional assessment).

Also, the ALJ erred by failing to account for Plaintiff's obesity in the RFC assessment. Throughout the period at issue, Plaintiff's BMI was consistently calculated above 35.9 (*See e.g.* Tr. 291, 319, 400, 461, 601). Plaintiff points out that even if obesity itself would not cause functional limitations, its impact on the other impairments must be considered under SSR 19-2p. Under SSR 19-2p, Plaintiff's obesity would likely impact her underlying impairments of arthritis of the weight bearing joints (arthritis of the lumbar spine, hip bursitis) and diabetes. *Martinez v.*

6

*Astrue*, 630 F.3d 693, 697-98 (7th Cir. 2011) ("[e]ven if each problem assessed separately were less serious than the evidence indicates, the combination of them might well be totally disabling").

Moreover, the ALJ's finding that Plaintiff could perform sedentary exertional activities with occasional stooping, kneeling, crouching was not supported with the examination findings in the record. (Tr. 14). A noted, Dr. Rao's impairment questionnaire indicated that Plaintiff's lumbar flexion was less than twenty degrees. (Tr. 755). Also, Dr. Siddiqui's consultative examination indicated a flexion of only thirty-five degrees. (Tr. 555). Such significant clinical findings cast doubt on the Plaintiff's ability to perform sedentary work and her ability to stoop. The ALJ's RFC relied on the state agency assessments that restricted the Plaintiff to occasional stooping. (Tr. 17-18). However, the ALJ failed to resolve the inconsistency between the opinions, which requires remand. *Thomas v. Colvin*, 534 F. App'x 546, 551 (7th Cir. 2013); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003).

Plaintiff further argues that the ALJ erred in his assessment of when Plaintiff would need to use a cane. The RFC allowed for Plaintiff to use a cane only while walking. (Tr. 14). However, the ALJ failed to explain in the decision why the cane would only be necessary for walking, but not for standing. At the hearing, Plaintiff testified that she required the cane not only for ambulation, but also for stability and that she would use the countertops as support while she was in the kitchen. (Tr. 37). In a functional narrative statement, Plaintiff indicated that she could not stand on her own without a cane or a walker. (Tr. 172), Also, Dr. Rao indicated in the assessment form that Plaintiff required the cane for standing and walking. (Tr. 756). The VE testified that the cane would not impact the availability of the jobs he cited if it was only used for ambulation.

(AR. 45). Thus, at a minimum, remand is required for the ALJ to further consider Plaintiff's need for a cane while standing. Additionally, on remand, the ALJ must further consider Plaintiff's subjective symptoms in accordance with SSR 16-3p.

## Conclusion

On the basis of the foregoing, the Commissioner's decision is hereby REVERSED and REMANDED for further proceedings consistent with this Opinion.

Entered: September 7, 2023.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court